STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Gulli, <u>et</u> } Docket No. 4-1-01
<u>al.</u> } Vtec
 }
Appeal of Dunnett, <u>et al.</u> } Docket No. 5-1-01
 } Vtec

Order on Motions to Dismiss Statements of Questions, for Procedural
Orders,

for Ruling re: De Novo appeal, and for Scheduling Order

Procedural History

Appellants represent themselves; Applicant Okemo Mountain, Inc. is
represented by Lawrence G. Slason, Esq.; the Town is represented by
J. Christopher Callahan, Esq.

The are the remaining two appeals involving decisions of the
Development Review Board (DRB) of the Town of Ludlow regarding
approval of Phase I of Applicant= s Jackson Gore Project. Docket Nos.
135-6-00 Vtec and 185-8-00 Vtec have been dismissed; the dismissal
order in at least No. 185-8-00 Vtec has been appealed to the Vermont
Supreme Court as of the date of this order. In the ruling on those
appeals, Mr. Gulli has been notified to retrieve from the Court the box
of materials he forwarded with his original appeal. If that appeal had
been <u>de novo</u>, as he argued, then no materials should have been
forwarded to the Court (see V.R.C.P. 76(e)); if that appeal had been A
on the record@ as Applicant argued, then it was the responsibility of
the clerk of the DRB to forward the record as provided in V.R.C.P.
74(d), which did not occur, at least as of the date of the dismissal
orders. However, as the Court will be holding a conference with the
parties in a week (see below), if Mr. Gulli wishes, Judge Wright will
bring his box of materials to that conference for him to retrieve it at
that time.

In Docket No. 4-1-01 Vtec, Appellant Nicholas A. Gulli and a group of
other Ludlow residents appealed from a November 27, 2000 decision
of the DRB approving the Final Parcel Map. In Docket No. 5-1-01 Vtec,
Appellant George Dunnett and a group of other Ludlow residents
appealed from the same decision. Mr. Gulli has moved for the Court to

rule that the appeal is properly de novo rather than on the record. Applicant has moved to dismiss the statements of questions in both cases as beyond the scope of the remaining appeals. Mr. Gulli has moved the Court most recently for what is essentially a scheduling order.

The Court cannot rule on the request for de novo or the motion to dismiss the statements of questions based on the limited materials the parties have provided. Applicant seems to assume that the DRB has A certified the record.@ From the materials filed to date with the Court, the DRB has done nothing of the sort. Applicant= s list of the materials filed with the original application was helpful, but no party has supplied the complete August 8, 2000 DRB ruling, or the complete November 27, 2000 DRB ruling, or the plans supplied with the original application, from which the Court can determine the scope of the remaining appeals. Moreover, if the November 27, 2000 DRB proceeding was not properly recorded (even if the August 8, 2000 proceeding had been > on the record= ), then the remaining appeals may be de novo even if the dismissed ones would not have been de novo. If it was properly recorded, then under the Municipal Administrative Procedure Act and V.R.C.P. 74(d), any party wishing a transcript to be included in the record should be arranging to have that portion transcribed.

Accordingly, the Court will hold an in-person pretrial and scheduling conference pursuant to V.R.C.P. 16.2 and V.R.C.P. 16, at the Windsor District Court in White River Junction on Tuesday, May 8, 2001 at 1:00 p.m. The parties should be prepared to discuss the record, including all factors relating to whether the proceedings are > on the record= or not. The parties should be prepared to discuss the scope of the August 8, 2000 DRB ruling, and in particular what plans were presented in the application to the DRB, so that the Court can understand what plans, if any, were approved by the DRB in its August 8 decision (and hence are not before the Court in the remaining appeals) and what plans, if any, were required by the DRB to be submitted at a later date (and hence are before the Court in the remaining appeals). The parties should bring to the conference all documents they may wish to refer to in these discussions, and should bring a copy of the complete DRB decisions from August 8, 2000 and November 27, 2000, and any earlier decision if incorporated by reference in those decisions.

Done at Barre, Vermont, this 30th day of April, 2001.

_____

Merideth Wright
Environmental Judge